Estrella-Duarte v Rachel Cho Inc. (2022 NY Slip Op 06867)

Estrella-Duarte v Rachel Cho Inc.

2022 NY Slip Op 06867

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 450294/19 Appeal No. 16772 Case No. 2022-00098 

[*1]Antonio M. Estrella-Duarte, Plaintiff,
v
Rachel Cho Inc., et al., Defendants-Respondents.
Rachel Cho Inc., Third-Party Plaintiff-Respondent,
v
Juan P. Tavarez, Third-Party Defendant-Appellant.

Law Office of Nicole Lesperance, Westbury (Susan J. Mitola of counsel), for appellant.
Scahill Law Group P.C., Bethpage (Keri A. Wehrheim of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about October 1, 2021, which denied third-party defendant Juan P. Tavarez's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
The court correctly denied Tavarez's motion for summary judgment, as there are differing versions as to how the automobile accident occurred (see Sanyang v Davis, 198 AD3d 522 [1st Dept 2021]; G.G.N. v Ramos, 171 AD3d 619, 621 [1st Dept 2019]). The conflicting deposition testimony raised issues of fact as to the proximate cause or causes of the accident (see Tossas v Ponce, 24 AD3d 224, 224 [1st Dept 2005]; Carrozzi v Gotham Meat Corp., 181 AD2d 587 [1st Dept 1992]). On the one hand, Tavarez testified that prior to the collision, he remained in one travel lane on northbound Third Avenue within the posted speed limit. On the other hand, defendant Santiago testified that he observed Tavarez repeatedly changing lanes and speeding, that he did not see Tavarez's vehicle behind him as he began to change lanes, and that Tavarez "drove by fast" striking his car. That plausible version of the accident was not incredible as a matter of law, and his description of the events leading up to the accident was sufficient to raise a triable issue of fact as to Tavarez's negligence and whether the manner in which he operated the minivan was a proximate cause of the accident (see Myers v Fir Cab Corp., 64 NY2d 806, 808 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022